■ THOMAS ANDREWS, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Appellants.—In a proceeding pursuant to CPLR 7503 (b) to stay arbitration and disciplinary action against petitioner and to obtain an order that he be reinstated with back pay as a New York State correction officer, the appeal is from a judgment of the Supreme Court, Dutchess County (Benson, J.), entered October 25, 1984, which granted the petition in its entirety.

Judgment modified, on the law, by reinstating appellants' notice of intention to arbitrate, vacating the stay of arbitration and ordering petitioner's reinstatement with back pay pending resolution of the charges contained in appellants' notice of discipline.

Petitioner, a correction officer employed by the New York State Department of Correctional Services, was suspended without pay on June 10, 1984. Pursuant to the relevant contractual provision contained in the employment agreement between the State of New York and the Security Unit Employees Council 82, American Federation of State, County and Municipal Employees, the "appointing authority", appellants

herein, must, within 30 days following suspension, serve a "notice of discipline" on the employee involved. Failing service of the notice of discipline within this period, the employee must be reinstated with back pay. At bar, appellants conceded, in their answer, that the notice of discipline was served on July 12, 1984, and, in their brief, further conceded that the applicable 30-day period expired on July 10, 1984. Accordingly, the notice was untimely served.

We reject the contention that the relevant contract provision designating issues subject to arbitration contemplates the arbitrability of disputes involving claimed violations of time limits contained in the disciplinary article. The employment agreement is explicit with respect to the scope of issues properly subject to arbitration, stating that "[d]isciplinary arbitrators shall confine themselves to determination of guilt or innocence and the appropriateness of proposed penalties. Disciplinary arbitrators shall neither add to, subtract from nor modify the provisions of this Agreement". We agree with Special Term's conclusion that nothing contained in the October 24, 1983, informational memorandum to the arbitrators enlarged the scope of arbitrable issues as set forth in the aforequoted provision.

We do not agree that appellants' failure to serve the notice of discipline within 30 days of the petitioner's suspension forecloses them from attempting to impose discipline pursuant thereto. The appellants properly contend that, at most, their failure to serve a timely notice of discipline requires the reinstatement of petitioner during the period prior to the ultimate resolution of the charges brought against him. Significantly, section 8.4 of the employment agreement is entitled "Suspension Before Notice of Discipline" and states in paragraph (a) that "an employee may be *suspended* without pay by his appointing authority only pursuant to paragraphs (1) or (2) below" (emphasis supplied). Paragraph (2) imposes the requirement, relevant here, i.e., that a notice of discipline be served within 30 days of the employee's suspension and that failing service of said notice, the employee must be reinstated. There is nothing, however, in section 8.4 which indicates that failure to comply with the 30-day time limit must foreclose the appointing authority from prosecuting the disciplinary charges contained in an untimely notice. Rather, the language of the provision, which confines itself to suspension procedure, is properly construed to preclude the appointing authority, in the event of noncompliance, from exercising its option to suspend an employee without pay pending the ultimate reso-

lution of the charges brought. At bar, since appellants failed to serve their notice of discipline in a timely manner, petitioner is entitled to reinstatement with back pay pending resolution of the charges contained in the notice.

Finally, Special Term properly concluded that petitioner was entitled to preserve his contractual remedies by filing for arbitration of the disciplinary charges without prejudice to the subsequent assertion of the alternate legal theory relied upon at bar. As Special Term aptly noted, had petitioner failed to pursue his remedies under the employment agreement, his inaction would have resulted in the forfeiture of his contractual rights upon the ground of untimely demand. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.